**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEO A. GLODZIK, III, individually and t/d/b/a L.A.G. Transport, Inc., | |
| Plaintiff, | CIVIL ACTION No. 3:09-CV-335 |
| v. | (JUDGE CAPUTO) |
| SAMUEL ARGO, KENNETH BANGS, DONNA CONNORS, JOSEPH MCLEAN, JOSEPH KEATING and THE CITY OF PITTSTON, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is defendant's motion for reconsideration. In its prior opinion and order, the Court granted plaintiff summary judgment on his procedural due process claim. For the reasons discussed below, the motion will be granted, summary judgment will be entered for defendants on plaintiff's procedural due process claim, and the case dismissed.

## FACTUAL BACKGROUND

The instant suit arises out of a contract for towing services between Plaintiff and the City of Pittston. Plaintiff is the president of L.A.G. Transport, Inc., a towing company. On May 31, 2004, Pittston requested bid proposals for towing services in Pittston. The bid specifications declared in ¶ 17 of Part 1 that "[t]he term of the contract offered shall be for a minimum of thirty-six months. The City may cancel the contract upon providing the collection agency with 30 days advance notice in writing." On June 30, 2004, L.A.G. Transport & Recovery was awarded the contract. A contract memorializing the award of

the towing services contract was signed by both parties on September 24, 2004. The contract was for a term of three (3) years, beginning July 1, 2004 and ending on June 20, 2007.

On February 21, 2007, by a unanimous vote of the Pittston Council, Plaintiff's towing contract with the city was terminated. Plaintiff was notified by telephone earlier that day that the termination of his contract was going to be discussed by the council (Bangs Dep. pp. 24-25), but Plaintiff did not attend the meeting.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in the instant suit on February 20, 2009. (Doc. 1.) In his Complaint, Plaintiff brought claims against both the City of Pittston and the individual members of the Pittston Council for violations of his Substantive and Procedural Due Process rights under § 1983 (Count I) and a claim for Breach of Contract (Count II) against the City of Pittston. Both Plaintiff and Defendant filed Motions for Summary Judgment (Docs. 36 and 40). On March 23, 2011, Summary Judgment was granted to the Defendants as to Plaintiff's Substantive Due Process claim, but denied as to Plaintiff's Procedural Due Process claim. Summary judgment was also granted Defendant City of Pittston on Plaintiff's claim for punitive damages. Furthermore, Plaintiff's Due Process Claim against Defendants Argo, Bangs, Connors, McLean, and Keating in their individual capacities was barred on qualified immunity grounds. Summary Judgment was granted for Plaintiff on his Procedural Due Process claim and denied on Plaintiff's Substantive Due Process Claim and his Breach of Contract claim.

On April 6, 2011, Defendants moved for a reconsideration regarding Defendants'

motion for Summary Judgment on Plaintiff's Fourteenth Amendment Procedural Due Process claim. Defendants argue that this Court made an error of law in finding that Plaintiff had a protected property interest in the towing contract that entitled him to due process.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

"The fourteenth amendment prohibits state deprivations of life, liberty, or property without due process of law." *Unger v. National Residents Matching Program*, 928 F.2d 1392, 1395 (3d Cir.1991) (quoting *Robb v. City of Philadelphia,* 733 F.2d 286, 292 (3d. Cir.1998)). Determining the application of due process requires two steps: "we first must ask whether the asserted individual interests are encompassed within the fourteenth amendment's protection of 'life, liberty, or property'; if protected interests are implicated, we then must decide what procedures constitute "due process of law*." Id.*

> Today it is beyond dispute that a contract with a state entity can give rise to a property right protected under the Fourteenth Amendment. *See, e.g.*, *Perry v. Sindermann*, 408 U.S. 593, 599–601, 92 S.Ct. 2694, 2698–2700, 33 L.Ed.2d 570 (1972) (holding that contract of employment providing that professor could be terminated only for cause constituted property right protected by Fourteenth Amendment). Nevertheless, the Supreme Court has never held that every state contract gives rise to a property interest protected under the Fourteenth Amendment.

*Id.* at 1397.

Cases in the wake of *Unger* read the due process clause to apply to only two kinds of contracts. The first type arises where "the contract confers a protected status, such as those characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits." *Unger*, 928 F.2d at 1399. An ordinary commercial contract is not "characterized by a quality of either extreme dependence ... or permanence." *Id.* The second type "arises where the contract itself includes a provision that the state entity can terminate the contract only for cause." *Id.*

The contract in this case falls into neither type. First, this contract is an ordinary commercial contract, which does not confer protected status. Second, the Third Circuit

4

does not read for cause provisions into contracts of limited duration.  *Linan-Faye Constr. Co. Inc. v. Housing Auth. of the City of Camden*, 49 F.3d 915, 932 (3d Cir.1995).   In fact, the Middle District of Pennsylvania also requires express statutory authority for a state agency to waive the employment-at-will default in creating a contract of limited duration.  *Demko v. Luzerne County Community College,* 113 F.Supp.2d 722 (M.D. Pa. 2000).

In granting the Plaintiff's Motion for Summary Judgment, this Court relied on the Pennsylvania state case *Schecter* for the proposition that a for cause provision can be read into a contract of limited duration.  However, *Schecter* actually holds that a termination without cause provision, such as the one in this case, permits premature termination.  *Schecter v. Watkins*, 577 a. 2d 585, 591 (Pa. Super. 1990).

## CONCLUSION

The Court will grant the motion for reconsideration and grant defendants' motion for summary judgment on plaintiff's procedural due process claim.  The court will also decline to exercise supplemental jurisdiction over the remaining state law claims.

An appropriate order follows.

 8/8/11                                                                               /s/ A. Richard Caputo
 Date                                                                                    A. Richard Caputo
                                                                                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEO A. GLODZIK, III, individually and t/d/b/a L.A.G. Transport, Inc., | CIVIL ACTION NO. 3:09-CV-335 |
| v. | (JUDGE CAPUTO) |
| SAMUEL ARGO, KENNETH BANGS, DONNA CONNORS, JOSEPH MCLEAN, JOSEPH KEATING, and CITY OF PITTSTON, | |
| Defendants. | |

**ORDER**

Now, this ___8th___ day of August, 2011, it is **HEREBY ORDERED** that defendants' motion for reconsideration is **GRANTED** (Doc. 56). Summary judgment is **GRANTED** to defendants on plaintiff's procedural due process claim. Since the Court will not exercise supplemental jurisdiction over the remaining state law claims, the Clerk of Courts is directed to mark the case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge